UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHESTER L. MILLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-392-PRC |
| | ) | |
| TOWN OF MERRILLVILLE, INDIANA, | ) | |
| CURTIS MICHUK and | ) | |
| KOSTITINO NUSES, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion In Limine [DE 24], filed by Plaintiff Chester L. Miller on October 5, 2011. On October 19, 2011, Defendants filed their response. No reply was permitted by the Court.

In determination of these issues the Court FINDS, ORDERS, ADJUDGES, and DECREES:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the court . . ." Fed. R. Evid. 104(a).

Motions in limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "[the] evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

In this Order the Court is not making a final determination on the admissibility of any

evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1. Evidence or argument that the individual Defendants may be personally liable to pay a judgment against them:

RULING: Plaintiff's Motion In Limine is **GRANTED** in this regard.

Defendants and their attorney(s) shall not indicate this possibility.

2. Defendants' Exhibit 20: September 21, 2007, Memorandum from Gary Chief of Police Thomas A. Houston regarding auxiliary or reserve police personnel:

RULING: Plaintiff's Motion In Limine is **DENIED** in this regard.

However, if the Memorandum has attachments (such as newspaper articles, offense reports, etc.), the Court may rule at trial that some or all of the attachments are inadmissible evidence.

3. Defendants' Exhibit 28: January 23, 2007, Phoenix Police Department Auxiliary Police Officer Agreement; March 5, 2008, letter; and September 29, 2007, Disclosure Agreement; Exhibit 29: Country Club Hills Department of Police March 6, 2006, letter to Chief William Brown; November 17, 2005, incident summary; Harvey Police Department November 14, 2005, letter to Chief William Brown; and copy of 720 ILCS 5/24-1; and Exhibit 30 (it is unclear to the Court at this time what Defendants' Exhibit 30 is):

RULING: Plaintiff's Motion In Limine is **DENIED** in this regard.

4. Any opinion by Defendants' law enforcement procedures expert witness regarding Plaintiff's state of mind:

RULING: Plaintiff's Motion In Limine is **GRANTED** in this regard.

Defendants' law enforcement procedures expert witness shall not opine as to Plaintiff's state of mind.

SO ORDERED this 21st day of October, 2011.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc: All counsel of record