# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHESTER L. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause No. 2:09-CV-392-PRC |
| TOWN OF MERRILLVILLE, ) | |
| INDIANA, CURTIS MINCHUK, ) | |
| and KOSTITINO NUSES ) | |
| ) | |
| Defendant ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion In Limine Of Defendants [DE 27] filed October 5, 2011 and the Defendants' Supplemental Motions In Limine [DE 37] filed October 27, 2011 by Defendants the Town of Merrillville, Indiana, Curtis Minchuk, and Kostitino Nuses. Plaintiff Chester L. Miller filed his Plaintiff's Objection To Defendants' Motion For Leave To Supplement Motion In Limine on October 24, 2011.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings

should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1. Existence of amount of Defendants' liability insurance coverage.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

2. Mediation or settlement negotiations.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

3. Expert opinions of non-testifying experts.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

4. Lay opinions as to medical diagnosis or prognosis.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

5. Lay opinions as to police training and use of force.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

6. Arrest of Tremayne Rogers by Officer Curtis Minchuk on June 17, 2008, and the subsequent investigation and discipline as a result of Tremayne Rogers' lost earrings.

RULING: Defendants' Motion IN Limine is **GRANTED** in this regard. The parties shall

not refer to this in the presence of the jury by testimony or otherwise.

7. Plaintiff Chester Miller's acquittal or dismissal on charges of Resisting Law Enforcement or Battery to a Law Enforcement Officer.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

8. Arrest of Pablo Rodriguez by Officers Matthew Havard, Curtis Minchuk, William Poling, and Jason Quick on July 3, 2006.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

9. Merrillville Police Department Citizen Complaint Form submitted by Stephanie Quiroz and its disposition or non-disposition.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

10. Testimony by Pablo Rodriquez, Stephanie Quiroz, Ester Quiroz, or Louis Agulara regarding alleged missing money taken by Officer Curtis Minchuk.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

So **ORDERED** this 28th day of October, 2011

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record